*391 OPINION
DRAUGHN, Justice.
Security Insurance Company appeals a jury verdict awarding Izzat Nasser disability benefits under the Workers’ Compensation Act. Nasser received the award for stab wounds received when he was attacked at his place of employment by Victor Daryoush. Although appellant raises ten points of error, the central issue is whether the attack on appellee Nasser was motivated by personal animosity and therefore not compensable as an injury received in the course and scope of employment. We reverse the judgment of the trial court.
In order to properly address appellant’s contentions, we must first detail the pertinent factual background. Appellee worked as the manager of a Hamburgers By Gourmet outlet. During this time he became acquainted with Marianne Dawes. Miss Dawes worked nearby and visited the res-turant two to three times daily. During her visits, appellee would sit and talk with her. Although appellee and Dawes did go out on one date, they both claimed that there was no romantic involvement between them.
In the course of their discussions, Dawes revealed that she had a boyfriend, Victor Daryoush, whom she had dated for a number of years. She also explained that they were involved in an automobile accident in which Daryoush received a head injury. After the accident he began to experience hallucinations, was diagnosed as psychotic and schizophrenic, and was in and out of mental institutions.
One evening Daryoush came into the Hamburgers By Gourmet managed by ap-pellee. He purchased a Coke and then left for about thirty minutes. He returned, approached the counter where appellee was working, and said that he wanted to talk with him right away. Appellee immediately suspected that this might be Dawes’ boyfriend and was concerned that he might be dangerous. In an effort to avoid any confrontation, he turned to another customer, Derinda Mauldin, and told Daryoush that she was his girlfriend and that he was busy talking to her. Hearing this, Dar-yoush walked away from the counter.
After attending to his customers, appel-lee went to his office at the back of the restaurant. Some time later one of his employees came to his office and told him that someone wanted to see him. As soon as appellee walked out of his office, Dar-yoush attacked him with a knife, stabbing him twice in the stomach. These injuries formed the basis of the trial court judgment now before us.
In its first point of error, appellant contends the trial court erred in denying its motion for instructed verdict because there was no evidence that appellee was injured in the course and scope of his employment. Specifically, appellant points to article 8309 of the Workers’ Compensation Act which provides:
[T]he term “injury sustained in the course of employment,” as used in this Act, shall not include:
(2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.
Tex.Rev.Civ.Stat Ann. art. 8309 § 1 (Vernon 1967). Appellant contends that even viewing only the evidence supporting the jury’s findings, appellee did not meet his burden of proving that the assault was directed against him as an employee or because of his employment. See Highlands Underwriters Insurance Co. v. McGrath, 485 S.W.2d 593 (Tex.Civ.App.-El Paso 1972, no writ); Service Mutual Insurance Co. v. Vaughn, 130 S.W.2d 392 (Tex.Civ.App.—Beaumont 1939, writ dism’d. judgmt. cor.). See also Liberty Mutual Insurance Co. v. Upton, 492 S.W.2d 623 (Tex.Civ.App.—Fort Worth 1973, no writ). Appellant therefore argues that the case falls under the above-quoted “personal animosity” doctrine, and is not compensable under the Workers’ Compensation Act. We agree.
Our review of the record convinces us that Daryoush’s sole motivation for attack- *392-394 mg appellee was purely personal. Dar-yoush came to the restaurant specifically looking for appellee. Appellee recognized him and immediately realized that his friendship with Dawes might precipitate a dangerous reaction from this unstable man. Appellee himself understood that the motivation for the attack was jealousy, and testified, “he came to stab me because of personal reasons.” The evidence is positive that appellee’s employment provided only the occasion, and not the cause, for the attack. See Highlands Underwriters Insurance Co. v. Vaughn, 485 S.W.2d at 595. Since appellee failed to produce any evidence that the attack was employment-based, appellant’s first point of error contending there is no evidence that the injury occurred in the course of employment must be sustained.
Accordingly, the judgment of the trial court is reversed and judgment rendered that appellee take nothing by his suit.